# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*
THOMAS O'KEEFFE,                \*
                                   \*
            Petitioner,            \*      No. 13-847V
                                   \*      Special Master Christian J. Moran
                                   \*
v.                                   \*      Filed: February 3, 2015
                                   \*
SECRETARY OF HEALTH       \*      Attorneys' fees and costs; award
AND HUMAN SERVICES,       \*      in the amount to which
                                   \*      respondent does not object.
           Respondent.         \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*

Ronald C. Homer, Conway, Homer & Chin-Caplan, Boston, MA, for petitioner.
Lisa A. Watts, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

      On February 2, 2015, respondent filed a status report concerning final attorneys' fees and costs in the above-captioned matter. Previously, petitioner submitted an application requesting $15,128.46 for attorneys' fees and costs. Respondent did not object to petitioner's application. The Court awards this amount.

      On October 29, 2013, Thomas O'Keeffe filed a petition for compensation alleging that the influenza vaccine, which he received on December 8, 2010, caused him to suffer transverse myelitis ("TM"). Petitioner received compensation based upon the parties' stipulation. Decision, filed Sept. 16, 2014. Because

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

petitioner received compensation, he is entitled to an award of attorneys' fees and costs.  42 U.S.C. § 300aa-15(e).

Petitioner seeks a total of **$14,778.46** in attorneys' fees and costs for her counsel.  Additionally, in compliance with General Order No. 9, petitioner states that he incurred **$350.00** in out-of-pocket litigation expenses while pursuing this claim.  Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards the following:

a. **A lump sum of $14,778.46 in the form of a check made payable to petitioner and petitioner's attorney, Ronald C. Homer, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

b. **A lump sum of $350.00, payable to petitioner, Thomas O'Keeffe, for costs he incurred in pursuit of his petition.**

The Court thanks the parties for their cooperative efforts in resolving this matter.  The Clerk shall enter judgment accordingly.

Any questions may be directed to my law clerk, Christina Gervasi, at (202) 357-6521.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master